IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| M.C. BANKS, | § | |
| TDCJ-CID NO.623479, | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | CIVIL ACTION NO.H-09-2158 |
| | § | |
| FNU HARPER, | § | |
| Defendant. | § | |

OPINION ON DISMISSAL

Plaintiff, a state inmate proceeding *pro se* and *in forma pauperis*, has filed a complaint alleging violations of his civil rights under 42 U.S.C. § 1983 and a more definite statement of his claims.  (Docket Entries No.1, No.14).  He requests the Court to order the termination of the defendant's employment from the Texas Department of Criminal Justice. (*Id*.).  For the reasons to follow, the Court will dismiss the complaint pursuant to 28 U.S.C. § 1915(e)(2)(B).

BACKGROUND

Plaintiff reports that he was transferred from the Jester 3 Unit to the Central Unit of TDCJ-CID on January 20, 2009.  (Docket Entry No.1).  He brought seventy legal letters with him and the Jester 3 Unit property officer sent the rest of his legal mail to him in February 2009. On February 16, 2009, the Central Unit's Property Officer Ms. Harper took the legal letters that she received from the Jester 3 Unit out of their envelopes, read each letter, and destroyed approximately ten letters.  (Docket Entry No.14).  Some of the destroyed mail was from plaintiff's attorney. (Docket Entry No.1).  Plaintiff states that he was not working on any active

cases and therefore, does not claim that he was denied access to the courts.   (Docket Entry

No.14).

DISCUSSION

The complaint in this case is governed by the Prison Litigation Reform Act

("PLRA").   Because plaintiff is a prisoner who proceeds *in forma pauperis*, the PLRA requires

that the district court scrutinize the basis of the complaint, and, if appropriate, dismiss the case at

any time without service of process if the court determines that the complaint is frivolous,

malicious, fails to state a claim upon which relief may be granted or seeks monetary relief from a

defendant who is immune from such relief.   28 U.S.C. § 1915(e)(2)(B); *see also* 42 U.S.C. §

1997(e), and 28 U.S.C. § 1915A(b).   In conducting that analysis, a prisoner's *pro se* pleading is

reviewed under a less stringent standard that those drafted by an attorney and is entitled to a

liberal construction that includes all reasonable inferences, which can be drawn from it.   *Haines*

*v. Kerner*, 404 U.S. 519 (1972); *Alexander v. Ware*, 714 F.2d 416, 419 (5th Cir. 1983).

A complaint may be dismissed as frivolous if it lacks any arguable basis in law or

fact.   *Neitzke v. Williams*, 490 U.S. 319, 325 (1989); *Talib v. Gilley*, 138 F.3d 211, 213 (5th Cir.

1998).   "A complaint lacks an arguable basis in law if it is based on an indisputably meritless

legal theory, such as if the complaint alleges a violation of a legal interest which clearly does not

exist."   *Harris v. Hegmann*, 198 F.3d 153, 156 (5th Cir. 1999).   A review for failure to state a

claim under § 1915(e)(2)(B)(ii) is governed by the same standard used to review a dismissal

pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure.   *See Newsome v. EEOC*, 301

F.3d 227, 231 (5th Cir. 2002).

Interference with a prisoner's legal mail by a prison official may violate the

prisoner's right of access to the courts as found in the Due Process Clause, and/or the prisoner's

First Amendment right to free speech, that is, freedom from unjustified governmental interference with communication. *Brewer v. Wilkinson*, 3 F.3d 816, 820 (5th Cir. 1993). Inmates have a First Amendment right both to send and receive mail, *see Thornburgh v. Abbott*, 490 U.S. 401 (1989), but that right does not preclude prison officials from examining mail to ensure that it does not contain contraband. *See Brewer*, 3 F.3d at 822 (finding "[a] prisoner's freedom from censorship under the First Amendment ... with regard to his incoming mail is not the equivalent of freedom from inspection or perusal") (citing *Wolff v. McDonnell*, 418 U.S. 539, 576 (1974 )).

Plaintiff's complaint, even when liberally construed, fails to allege a claim under either constitutional provision. It is well settled that a prisoner does not have a constitutional claim if his incoming legal mail is opened and inspected outside of his presence, even if the inspection is in violation of prison regulations. *See Brewer*, 3 F.3d at 825 (recognizing that "the violation of [a] prison regulation requiring that a prisoner be present when his incoming legal mail is opened and inspected is not a violation of a prisoner's constitutional rights" when there is no proof that such tampering was prejudicial to the inmate's access to the courts and when the practice was reasonable related to legitimate penological interests). Nor does plaintiff allege that he was prejudiced in any way in a legal proceeding because Officer Harper at the Central Unit opened his legal mail outside of his presence or destroyed such mail. *See Lewis v. Casey*, 518 U.S. 343, 349-51 (1996) (stating that an inmate alleging denial of access to the courts must demonstrate an actual injury stemming from the defendants' unconstitutional conduct).

Further, an inmate's allegation that his property was destroyed or damaged, or its receipt delayed by a prison official, does not state a claim under 42 U.S.C. § 1983, even when the prison official allegedly acted intentionally. *Hudson v. Palmer*, 468 U.S. 517, 533 (1984). In

Texas, when an inmate's property is taken without compensation, he has a remedy in state court,

not a federal court claim under 42 U.S.C. § 1983 for loss or damage to property, unless there is no

post-deprivation remedy or the remedy is inadequate.  *See Murphy v. Collins*, 26 F.3d 541, 543

(5th Cir. 1994).  Plaintiff has made neither of the required showings.  His claims against Officer

Harper lack an arguable basis in law and are dismissed.

## CONCLUSION

Based on the foregoing, the Court ORDERS the following:

1. Plaintiff's complaint (Docket Entry No.1) is DISMISSED, with prejudice, pursuant to 28 U.S.C. § 1915(e)(2)(B).

2. All other pending motions are DENIED.

The Clerk will provide a copy of this order by facsimile transmission, regular

mail, or e-mail to the TDCJ - Office of the General Counsel, Capitol Station, P.O. Box 13084,

Austin, Texas, 78711, Fax: 512-936-2159; the Inmate Trust Fund, P.O. Box 629, Huntsville,

Texas 77342-0629, Fax: 936-437-4793; and the District Clerk for the Eastern District of Texas,

211 West Ferguson, Tyler, Texas  75702, Attention: Manager of the Three-strikes List.

SIGNED at Houston, Texas, this 19th day of May, 2010.

_____
MELINDA HARMON
UNITED STATES DISTRICT JUDGE